IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD DIPERNA, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Commissioner of <br> Social Security <br><br> Defendant. | Civil Action No. 14-1355 |

AMBROSE, U.S. Senior District Judge

## OPINION AND ORDER

I. Synopsis

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and Social Security Benefits ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff alleges disability beginning January 6, 2008. ECF No. 7-2, 1. After Plaintiff's application was denied initially, he requested that his application be reviewed by an Administrative Law Judge ("ALJ"). ECF No. 10, 2. On November 30, 2012, Plaintiff testified at a hearing before an ALJ. ECF No. 7-2, 28-39. On March 22, 2013, the ALJ found that Plaintiff was not disabled under the Act. *Id.* at 26. After exhausting all administrative remedies, Plaintiff filed this action.

Pending before the Court are cross-motions for summary judgment. ECF Nos. [9] (Plaintiff) and [13] (Defendant). Both parties filed briefs in support of their motions. ECF Nos.

1

[10] (Plaintiff) and [14] (Defendant). Plaintiff also filed a Reply at ECF No. [17]. The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [13] is denied and Plaintiff's motion [9] is granted to the extent that the case is remanded to the Commissioner for further proceedings consistent with the Opinion that follows.

II. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520(a) and 416.920(b). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Plaintiff's Motion

1. The Medical Evidence

Plaintiff primarily argues that the ALJ improperly evaluated the opinion of the Commissioner's examining psychologist, Stephen Perconte, Ph.D. ECF No. 10, 2-11. Dr.

Perconte performed a consultative psychological evaluation at the request of the Commissioner in September 2011. ECF No. 7-7, 39-48 (Exhibit B4F) & 55-57 (Exhibit B7F). Dr. Perconte diagnosed Plaintiff as having (i) schizoaffective disorder, bipolar type and (ii) alcohol abuse by history. ECF No. 7-2, 22; ECF No. 7-7, 263. As the ALJ noted, "Dr. Perconte found no limitation in areas of understanding and remembering[] short, simple instructions or in carrying out short, simple[] instructions, and moderate limitation making judgments on simple work-related decisions, interacting with the public, and responding appropriately to changes in a routine work setting, . . . ." ECF No. 7-2, 22. The ALJ gave the report "little weight to the effect that the claimant is markedly limited in areas of interacting with supervisors and co-workers and responding appropriately to work pressures in a usual work setting (Exhibit B-7F)" because he found Dr. Perconte's assessment was based primarily on Plaintiff's subjective complaints, which the ALJ found not entirely credible and not supported by the record as a whole. ECF No. 7-2, 22 & 24.

Regardless of the source, an ALJ must evaluate every medical opinion received, state the weight he assigns the opinion, and articulate his reasons. 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally, an ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. *Id.* §§ 404.1527(c)(1), 416.927(c)(1). When weighing medical opinions, an ALJ should consider all of the following factors: the examining relationship, the treatment relationship (the length of the treatment relationship and the frequency of examinations as well as the nature and extent of the treatment relationship), supportability, consistency, specialization and other factors brought to the ALJ's attention or which tend to support or contradict an opinion. *Id.* §§ 404.1527(c), 416.927(c).

In addition, an ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. §§ 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Moreover, "the more consistent an opinion is with the record as a whole, the more weight [an ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Soc. Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

5

Keeping these principles in mind, I find that the ALJ's assessment of Dr. Perconte's opinion is supported by substantial evidence in the record. First, I find that the ALJ adhered to appropriate standards in his review of the evidence. Although Plaintiff claims that the ALJ did not consider Dr. Perconte's status as an examining specialist, I find that the ALJ's review considered all of the requisite factors set forth in the Regulations. *See* ECF No. 7-2, 21-25; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c) & Soc. Sec. Regs. 96-2p & 96-6p.

Moreover, in his opinion, the ALJ detailed Dr. Perconte's findings, ECF No. 7-2, 22, and fully explained why he found Dr. Perconte's opinion in conflict with the other medical evidence of record, namely (i) the Turtle Creek psychiatric treatment records, ECF No. 7-2, 23; Exhibits B3F, B11F & B15F, and (ii) the mental status evaluation of Taffy Bucci, LCSW, ECF No. 7-2, 23, Exhibit B13F. With regard to the Turtle Creek treatment records, the ALJ noted that "the medical records show problems with mood and related symptoms, but these conditions appear manageable with appropriate treatment. They simply are not disabling conditions for this claimant." ECF No. 7-2, 21. Although the ALJ noted that Ms. Bucci's report actually was prepared by Plaintiff's attorney, it is clear that the ALJ assigned her opinion little weight because he found that the record as a whole did not support her conclusions. *See id.* at 23.

The ALJ also detailed how he found Plaintiff's reports of his daily activities do not support a finding of disability and thus in conflict with Dr. Perconte's and Ms. Bucci's conclusions regarding Plaintiff's ability to function in a public setting. *See* ECF No. 7-2, 24 (citing Plaintiff's testimony and Exhibit B4E). Based on his review of this evidence, the ALJ concurred with the rationale of the state agency psychologist and reviewing doctor John Rohar, Ph.D., finding "that the claimant's mental impairments are severe but not disabling." ECF No. 7-2, 24; *see* Exhibit B2A, ECF No. 7-3, 25-28.

After careful consideration of the record, I find substantial evidence supports the ALJ's findings. The ALJ's consideration of the medical evidence, particularly the Turtle Creek treatment records, adequately and properly supports the ALJ's decision to discount Dr. Perconte's and Ms. Bucci's opinions with regard to Plaintiff's ability to interact at work and respond to work pressures. Accordingly, I find no error in this regard.

2. Residual Functional Capacity ("RFC")

Plaintiff also argues that the ALJ erred in his residual functional capacity ("RFC") determination by failing to include all of Plaintiff's mental limitations[1] (i) as identified by Dr. Perconte and Ms. Bucci, ECF No. 10, 2 & 13-16, and (ii) as identified by the Agency consultant with whom the ALJ concurred. ECF No. 17, 2. Specifically, Plaintiff argues that the ALJ's RFC finding does not address Plaintiff's limited ability to interact with co-workers, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, complete a normal workday and workweek without interruption, and tolerate changes. *Id.*

An ALJ must base his RFC assessment on all of the relevant evidence of record. 20 C.F.R. § 404.1545(a). The ALJ's RFC finding should include only those limitations which he finds to be credible and supported by the record. *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 147-48 (3d Cir. 2007) (citations omitted). In his opinion, an ALJ must provide sufficient explanation of his final determination to provide the reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). That is, the ALJ's decision must allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008); *see also Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) (the

---

[1] Plaintiff does not challenge the ALJ's consideration of his physical limitations, and I do not consider them here.

7

ALJ's decision should allow the reviewing court the ability to determine if "significant probative evidence was not credited or simply ignored").

Here, the ALJ's mental RFC limited Plaintiff to "low stress, unskilled, simple, repetitive tasks involving little judgment making with no intensive supervision and involving no contact with the public." ECF No. 7-2, 18. Because I find that the ALJ properly considered and discounted the marked limitations identified by Dr. Perconte and Ms. Bucci, I find the ALJ did not err in excluding them from his mental RFC. See ECF No. 7-2, 22-24 and my discussion, *supra.*

Nevertheless, I agree with Plaintiff that the ALJ did not adequately address all of Plaintiff's mental limitations in crafting his RFC. *See* ECF No. 7-2, 23-24 and the evidence cited therein. Here, the ALJ did not fully explain his reasons for not incorporating mental limitations contained within the medical evidence with which he agreed. Consequently, the ALJ's RFC is not based on substantial evidence, and on this issue, I remand.

An ALJ must set forth his reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts . . . he must consider all of the evidence and give some reason for discounting the evidence he rejects.' " *Lanza v. Astrue*, No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. Apr. 28, 2009) (quoting *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994)). "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.' " *Burnett*, 220 F.3d at 121-22 (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).

Here, the ALJ agreed with the opinion rendered by the reviewing doctor, John Rohar, Ph.D., ECF No. 7-2, 24, but he did not include all of the mental limitations identified by Dr. Rohar in his RFC. *Compare, e.g.,* ECF No. 7-3, 70-71. For example, although Dr. Rohar found Plaintiff "moderately limited" in his ability to get along with co-workers, ECF No. 7-2, 71, the ALJ stated that "[f]or the most part, [Plaintiff] relates satisfactorily with people," and his RFC determination placed no limitation on interacting with co-workers. ECF No. 7-2, 23. The ALJ's explanation that he "[did] not find the claimant's assertions to be entirely credible" is not a sufficient explanation for rejecting medical evidence where the ALJ also agreed with the "thorough rationale" of the reviewing doctor but then excluded that physicians' limitations from his RFC. *See* ECF No. 7-2, 24 ("As noted above the State agency ([]SSR 96-6p) concluded, as I do here, that the claimant's mental impairments are severe but not disabling and supported the opinion with the thorough rationale of a reviewing doctor (John Rohar, PH.D.) (Exhibit B-2A)."). The ALJ was entitled to reject Dr. Rohar's limitations on Plaintiff's ability to interact with co-workers, but he must discuss or explain why. Where the ALJ rejects, without explanation, limitations from an opinion that he credited, I am prohibited from conducting a proper and meaningful review. Therefore, I find that the ALJ erred in this regard and remand is warranted for further clarification of the ALJ's RFC.

III. Conclusion

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has the option to remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g). Based on my review of the evidence of record and the briefs filed in support thereof, I find that remand is required to allow the ALJ to clarify his

9

RFC determination. For all of the above reasons, I grant Plaintiff's motion for summary judgment to the extent set forth herein, and I deny Defendant's motion for summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD DIPERNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1355 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, U.S. Senior District Judge

## ORDER

AND NOW, this 2nd day of June, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [9]) is GRANTED to the extent that Plaintiff seeks remand for further consideration, and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment (ECF No. [13]) is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge